UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARWELL LIMITED PARTNERSHIP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-1107-B |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Plaintiff Garwell Limited Partnership's Motion to Remand filed April 25, 2014. Doc. 9. For the reasons that follow, Plaintiff's Motion is **DENIED**.

## I.

## BACKGROUND

This is a first party insurance action where Plaintiff is the insured and Defendant the insurer. Plaintiff Garwell Limited Partnership ("Garwell") filed its Original Petition in the 298th District Court, Dallas County, Texas on June 25, 2013 against Defendant Great American Insurance Company of New York ("Great American") alleging breach of the parties' insurance contract and claiming the replacement value of missing equipment, allegedly stolen from one of Garwell's business locations, as damages. Doc. 1-3, Ex. C, Original Pet. ¶¶ 10–11. Great American filed an Original Answer on July 30, 2013. Doc. 1-5, Ex. E, Original Answer. The case was set for trial for April 29, 2014 and ordered to mediation. Doc. 1-7, State Court Docket Sheet.

1

In accordance with the state court's order, the parties scheduled mediation for March 26, 2014. Doc. 12-1, Ex. 1, Mediation Invoice. In the interim, Garwell filed an Amended Petition, alleging new causes of action against Great American for failing to pay a second claim from Garwell for an alleged burglary at a different Garwell location and claiming damages of $240,000 in out-of-pocket expenses. Doc. 1-4, Ex. D, Amended Pet. ¶¶ 9–13.

On March 26, 2014, the parties, with the help of a court-appointed mediator, entered into a settlement agreement whereby Great American agreed to settle Garwell's initial claim for $5,000. Doc. 9-1, Ex. A, Settlement Agreement 1. In addition, the agreement contained a clause indicating that "[b]oth parties agree to continue current trial setting." *Id.*

On March 28, 2014, Great American filed a notice of removal in this Court, in which it claimed that the Court had original jurisdiction over the matter based on the diversity of the parties' citizenship. Doc. 1, Notice of Removal. On April 25, 2014, Garwell responded by filing a motion to remand the case back to state court. Doc. 9, Mot. to Remand. On May 12, 2014, Great American filed a Response to Garwell's Motion to Remand. Doc. 12. Garwell neglected to file a Reply within the time prescribed by Local Rule 7.1(f). As such, Garwell's Motion to Remand is now ripe for review.

## II.

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Id.* at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that

a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377).

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Coffman v. Dole Fresh Fruit, Co.*, 927 F. Supp. 2d 427, 430 (E.D. Tex. 2013) (internal citations and quotations omitted). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand." *Coffman*, 927 F. Supp. 2d at 430–31 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)).

## III.

## ANALYSIS

In its Motion to Remand, Garwell's sole ground for arguing that Great American's removal of this action to federal court was improper is that Great American waived its right to removal by agreeing, in a settlement reached by the parties after mediation of Garwell's initial claim for damages,

3

to continue the state court trial setting. Doc. 9, Pl.'s Br. 3. Great American disputes that by agreeing to continue the state court trial setting it waived its right to remove the case to federal court and maintains that removal was proper under 28 U.S.C. § 1441. Doc. 12, Def.'s Resp. Br. 2–7. For the reasons stated below, the Court agrees with Great American and finds that removal was indeed proper.

A.    *The Court has original jurisdiction over this matter under 28 U.S.C. 1332(a).*

First, the Court finds that it has original jurisdiction over this matter under 28 U.S.C. 1332(a). That statute gives the district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). Removal is proper in such cases, however, only if there is complete diversity of citizenship among the parties both at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

In this case, Garwell claims damages of $240,000 in out-of-pocket expenses stemming from an alleged burglary of one of its business locations. Doc. 1-4, Ex. D, Amended Pet. ¶ 13; *see also* doc. 1-10, Proof of Loss. Thus, there is no question that the amount in controversy exceeds $75,000. *Mas*, 489 F.2d at 1400 ("[T]he amount in controversy is determined by the amount claimed by the plaintiff in good faith.").

Similarly, there is no question that the parties are citizens of different states. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of both the state or foreign state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1441(c)(1). In this

case, Great American is a corporation organized under the laws of the State of New York with its principal place of business in Ohio. *See* Doc. 12, Ex. 3, Aff. of Matt Beaver ¶ 2. Thus, for the purposes of determining whether diversity exists, Great American is a citizen of both New York and Ohio. Garwell is a limited partnership whose partners are citizens of Texas and is, therefore, a citizen of Texas.[1] Doc. 1, Notice of Removal 2–3; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("The citizenship of a limited partnership is based upon the citizenship of each of its partners."). Because Garwell is a citizen of Texas and Great American a citizen of New York and Ohio, complete diversity of parties exists.

The Court concludes, therefore, that it has valid diversity jurisdiction over this matter under 28 U.S.C. 1332(a).

B.     *Great American complied with the technical requirements of 28 U.S.C. § 1446.*

Second, the Court finds that Great American complied with the technical requirements of 28 U.S.C. § 1446. According to 28 U.S.C. § 1446, a defendant wishing to remove an action from a state court must file a notice of removal in the federal district court for the district and division within which such action is pending. 28 U.S.C. § 1446(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.* § 1446(b).

In this case, Garwell filed its Amended Petition claiming $240,000 in damages on March 5,

---

[1]Because Garwell does not object to this allegation in Great American's Notice of Removal, the Court accepts it as true for purposes of determining whether 28 U.S.C. § 1332(a)'s diversity requirement has been met.

5

2014. Doc. 1-4, Ex. D, Amended Pet. Therefore, Great American was required under 28 U.S.C. §

1446(b) to file its Notice of Removal in this Court by March 31, 2014. Since Great American in fact

filed its Notice of Removal on March 28, 2014, Great American's removal was timely. Doc. 1, Notice

of Removal.

C.      *Great American did not waive its right to removal by agreeing "to continue the current trial setting."*

        Having decided that it has original jurisdiction over the present matter and that Great

American complied with the technical requirements of 28 U.S.C. § 1446, the Court turns to the

issue of whether Great American waived its right to removal by agreeing, in a settlement reached

by the parties after mediation of Garwell's initial claim for damages, to continue the state court trial

setting. The sole authority that Garwell provides to support its claim that Great American did so

waive its right to removal is *Ensco Intern., Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442 (5th

Cir. 2009). Docs. 9, Mot. to Remand 3; 10, Pl.'s Br. 3. In that case, the Fifth Circuit held that a

defendant waived its right to removal by agreeing to a forum selection clause that gave the Courts

of Dallas County, Texas "exclusive jurisdiction" over any disputes arising under the parties' contract.

*Id.* at 448–49.

        Great American maintains that Garwell's reliance on *Ensco* is misplaced, however, because

*Ensco* involved a forum selection clause, whereas the settlement agreement reached by the parties

in this case does not. Doc. 12, Def.'s Resp. Br. 4. Furthermore, Great American argues that the

specific language of the parties' settlement agreement does not constitute a waiver of removal under

the Fifth Circuit's standard for determining when a contractual clause prevents a party from

exercising its right to removal. *Id.* at 5. For the reasons stated below, the Court agrees with Great

American and finds that Great American did not waive its right to removal by agreeing to continue

6

the state court trial setting.

According to well-settled Fifth Circuit law, "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *Ensco*, 579 F.3d at 443 (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). A party may clearly and unequivocally waive its removal right in one of three ways: "[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract." *New Orleans*, 376 F.3d at 504.

In this case, however, Great American did none of the three when it agreed, in the settlement reached by the parties following court-ordered mediation of Garwell's initial claim for damages, "to continue [the] current trial setting." First, Great American did not waive its right by explicitly stating it was doing so, because the above clause in the parties' settlement agreement does not contain any explicit references to "waiver" or "removal." *See Ensco*, 579 F.3d at 445 (suggesting that the absence of such words in a contract made any waiver of the right to removal by the defendant non-explicit). Second, Great American did not waive its right by allowing Garwell to choose venue, as nowhere in the clause does Great American agree to submit, at Garwell's request, to the jurisdiction of a court of Garwell's choosing. *Cf. City of Rose City v. Nutmeg Ins. Co.*, 931 F.3d 13, 14–16 (5th Cir. 1991) (finding that forum selection clause amounted to waiver of defendant's right to removal where defendant agreed in the clause "to submit to the jurisdiction of any Court of Competent jurisdiction within the United States" at plaintiff's "request"). Finally, Great American did not waive its right by establishing Dallas County as the exclusive venue within the settlement agreement, as the clause does not "go beyond establishing that a particular forum will have jurisdiction" and "clearly demonstrate the parties' intent to make that jurisdiction exclusive." *New*

*Orleans*, 376 F.3d at 504; *cf. Ensco*, 579 F.3d at 448–49 (holding that defendant waived its right to removal by agreeing to a forum selection clause that gave the Courts of Dallas County, Texas "exclusive jurisdiction" over any disputes arising under the parties' contract). Accordingly, the Court finds that Great American did not waive its right of removal by agreeing in the settlement agreement to continue the state court trial setting.

## IV.

## CONCLUSION

In sum, the Court concludes that Great American properly removed this case to federal court under 28 U.S.C. § 1441. The Court has valid diversity jurisdiction over the matter under 28 U.S.C. § 1332(a) and Great American complied with the technical requirements of 28 U.S.C. § 1446. Moreover, Great American did not waive its right to removal by agreeing to continue the state court trial setting. Garwell's Motion to Remand is therefore **DENIED**.


**SO ORDERED.**

**SIGNED: October 22, 2014.**


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

8